## HURST *against* CARLISLE.

For battery, wounding or mayhem, or for an attempt to commit any of them, the injured party may have a remedy to recover damages, by action of trespass.

ERROR to the Common Pleas of *Erie* county.

This was an action of trespass by *David Carlisle* against *Thos. Hurst* and others, to recover damages for an assault and for a battery committed upon him. The court (*Shippen,* president,) was of opinion that the plaintiff was entitled to recover, and the jury found accordingly.

*Riddle* and *Babbitt* for plaintiff in error,

Contended that the gist of the action of trespass was for the ap-

plication of force; if there be an injury to the feelings or sensibilities of the party, the damages are consequential; and can only be remedied by an action on the case.

*Galbreath* for defendant in error.

An assault being an immediate violation of a personal right, the only remedy to redress the wrong is by trespass. *Bul. N. P.* 15. *Cro. Jas.* 151.

The opinion of the court was delivered by

Rogers, J.—This is a case as plain on authority, as it is reasonable and just. For battery, wounding or mayhem, or for an attempt to commit any of these, (which in law is termed *an assault*,) the injured party may have a remedy in damages, by action of trespass. *Arch.* 25. Even for a threat, or menace, to commit any of these injuries. *Rey.* 104. 2 *Rol.* 545, Nos. 25, 41, or to pull a man's house down. *Rey.* 108, or the like. If any injury arise to the party from such threat or menace, the remedy, it seems, is also by action of trespass. *Vide. Com. Dig. Battery D.* and the authorities there cited.

Judgment affirmed.